United States of America v. Cessa. I'm going to hear first from Mr. Klein. Good morning. My name is John Klein and I represent Mr. Francisco Colorado Cessa. The issue here is whether Mr. Cessa should have been permitted to withdraw his guilty plea. Rule 11d1 provides that a defendant can withdraw his plea for any reason or no reason before the district court accepts it. So the question here is whether the district court had accepted Mr. Colorado's plea before he moved to withdraw it. The answer based on this court's decision in ARAMI is no. The very similar fact pattern, in fact coming from the Western District of Texas and the Austin Division, where as in this case a magistrate judge had taken the plea, had recommended to the district court that the plea be accepted, and then before the district court had actually accepted the plea, the defendant moved to Colorado, appeared before a magistrate judge on March the 12th, 2014. The magistrate judge recommended to the district court that Mr. Colorado's plea be accepted. It was clear from the term, the order of referral to the magistrate judge, from Mr. Colorado's consent, and from the language that the magistrate judge himself used, that this was a recommendation. Months passed. Mr. Colorado's plea was accepted. The next question is whether the district court  based on this court's decision in ARAMI is no. The very similar fact pattern, in  in this case a magistrate judge had taken the plea, the defendant moved to  Colorado. And I should say I was representing him, he had a separate case, the money laundering case, which was on appeal to this court, and I was representing him in that case. I prepared the briefs in that case, I ultimately argued that case along with another counsel. But my involvement in this case really began when I was called upon to prepare the motion to withdraw the plea. And at that point I reviewed the record, I reviewed the law, I read ARAMI, I found that the plea had not been accepted, and I prepared the motion as I did. So, Your Honors, I don't think it's any more complicated than that. You may have questioned for me, and I'm happy to answer them if you do, but there's not much more to my argument than what I've just said. Thank you, sir. I'm on rebuttal. Mr. Gardner. Thank you, Your Honor. Good morning. May it please the court, Doug Gardner for the United States Law. I'm my co-counsel, Michelle Pernold. I think the best evidence that this court has that the district court, Judge Walters, did accept Colorado's guilty plea is his order itself in January of 2015. I think Judge Walters lays out a pretty cogent and clear set of reasonings on why and the steps that he went through that indicated to him he accepted his plea. But I think the beautiful thing about it is this court doesn't have to accept that order in a vacuum. I think the milestones in this case are distinctly different from ARAMI. Why did the government initially take the position that Mr. Sessa had the equivocal right to withdraw his guilty plea? Your Honor, I was the trial counsel. I am the trial counsel in this case, have been for the money laundering case since 2011. If you look at the dates, he followed his motion on December 4th. I followed my response on December 5th. I think at first blush, I think it's a simple answer. Oh, ARAMI ARAMI controls. He has an absolute right. But I think once I got into it, wrote the brief, even though it's Mr Gay on the signature, I think that is too simplistic of an answer. I think what the appellant is asking else do here today is to apply a rigid over application of ARAMI based on the facts and circumstances of ARAMI, which don't exist here. Well, let me let me say this. You could develop. You can lawyer this case and develop a very good contract law theory for why that plea got accepted when those other two people their pleas were accepted under the circumstances that existed here with that common clause in in all three agreements that they're dependent on one another. You could develop a very good contract law theory about how there was contract law acceptance of that of his plea at the hearing where they pled. You could do that. The criminal law number one, and it does work on contract law principles when it comes to plea agreements. But the judge never said a word. I mean, if the government had gotten up, I mean, in the government is you may have been the trial lawyer, and if so, I'm sorry. But when the when the deal went down here and it went down bad at that first at the plea hearing, someone should have gotten up and said, Judge, there's a problem here and that there's a common condition to all three of these plea agreements. And and the CESA isn't here. And if there had been maybe some discussion about, well, I'm accepting his plea to I'm deeming it to be accepted. But there's not a word in this record about CESA at the plea hearing at which the other two pled. So we're operating in. There's got to be some at a minimum some acknowledgement on the part of the court that this is going to result in an acceptance of a plea. And his lawyer needed to have been there. I mean, I think the government had the big britches put on him to tell you the truth. And I think the district court did, too. And, of course, the district court says, Who? Not me. I'm not happy with this outcome. But that's sort of where we are, isn't it? Well, first of all, I would point to two things in the record. A couple things, actually. So you're right that the common plea agreements all have a common language, said playground. I said, Well, but also all three defendants were at the plea colloquy. I know I got it. And then then the defendant files his motion for continuous on May 21st, saying, Please go forward with my son and my business partner sentencing. Just keep me out of it for right now until I can. That's when the government said, Well, let's get this. The plea grief deals in place, and then we'll talk about sentencing for everybody. Yeah, I understand that. That may be good after the fact. But, you know, to me, I think the key is that sentencing. There can be no reasonable explanation why Colorado says I didn't understand on July 22nd, when Judge Walsh or sentence the son and business partner that his plea was accepted to since they were tied together. They're wired their package. As I said, if the judge had said and his lawyer had been there and the judge had said, Okay, I'll go ahead and accept these two. But Mr Sesa needs to understand and counsel that his plea is being accepted, too. But none of that happened. I mean, word one. I agree that I think maybe that's a better practice. In retrospect, better. It's critical. I don't know if I agree with you. That's critical. I would think that the facts of this case, so not only the sentencing on July 22nd, but I also think the defendant's motions to continue, and I think his filing of his own objections, extensive objections all indicates that he knew of was aware of and was party to the acceptance of the plea agreement. I think his course of conduct is also something this court should consider when determining whether or not Judge Walters accepted that plea agreement. And I know Mr Klein, uh, you know, and his response brief talks about whether he accepted the plea or the plea agreement. I would argue that he actually accepted that plea and plea agreement on July 22nd when he accepts the global plea agreement. They're intricately intertwined. You can't separate them from one another. This may not. It struck me when I read the plea agreements, it's explicit in each of them that if there's a breach, the government has the right to do that. But it doesn't say the same thing. It's not reciprocal. And is there a reason for that? No, I was the one who drafted it. There's no reason for it other than, you know, maybe I got taken to the woodshed, as you say. But I will. I will say that. Okay, so we have this plea agreement may not have been drafted to the best benefit of the government. But the same time the defendant or the appellant rather received the benefit of the bargain in a couple of circumstances. That's what I mean. If you do, if you do a good contract lawyer analysis of this thing, you're right. But there's a little extra required. But, you know, I think the extra requirement is whether or not the district court accepted it. And I think the facts and circumstances surrounding what I call the milestones, the plea agreement, the plea colloquy, the sentencing, the co defendants, the appellants own course, agreement with the defendant, not there, not present. I think by the court's actions he did. And you can. Yes, ma'am. Is that you defendant somewhere else? Not somewhere else. But I think the case law that talks about the implicit acceptance, uh, is illustrative of the fact that the defendant doesn't need to be present here. We have implicit except I would submit we have actual acceptance. But at the minimum, I believe the court can find that Judge Walter implicitly accepted his plea agreement again. The actions of both the judge, the milestones in this case and the defense on course of conduct indicate that he at least at a minimum implicitly accepted this plea agreement. And I think it goes to the harmless error standard twos. But for the fact that Judge Walter's formally uttering the magic or talismanic words, I formally accept this plea. How would that have affected the appellants decision whether or not to plead guilty? And I don't. I think the answer that is it wouldn't somewhere down the line, nine months down the line after his conspirators get deported to Mexico to the detriment of the government to not be able to retry them or try them at the get go. I firmly believe that there was actual acceptance here. If not, does the government have access to witnesses to retry or to try Mr Sisson? Yes, ma'am. And I don't think that's the question. We're more than we try. We tried him once for the money laundering. We got retry him again here at the end of witnesses to answer your question. Our witnesses are the only two defendants are outside the country. All the witnesses are still present. So it's not a matter of the government being able to retry the case or willing to retry the case. I think I stand up here today seeking a little bit of finality in the case, and I think that's the purpose behind rule 11 is both voluntariness and finality. And then you get to the philosophical benefit, if I know that's not really an issue here today, but at the same time, I think all seven of those car factors in order to the benefit of the government. And so I would say that he's entered a bargain. He received the benefit. This is a bargain both for himself and his family members and business partners. The government detriment relied on that bargain. Otherwise, I would not have deported his co defendants. So remind me, did the motion for continuance asked for a deferral of of the acceptance of the plea agreement or just the sentencing? Yes, the sentencing. He filed three motions to continue one for the sentencing. I believe to to file objections to the present report. And I think the last 100 Walter went ahead and reset the sentencing to December 19. He followed his motion withdrawal prior to that sentencing. So again, the government are finally to wrap up abstaining questions from the court. The government detriment relied on the plea agreement. He received the benefit of his bargain. He can't show, but for the fact of a magic, I formally accept this plea statement by the court that that would have changed his mind. So the government is asking this appellate court uphold Judge Walter's decision in affirming his decision to deny appellant's motion to withdraw. Technically, the magistrate didn't accept the plea because the match didn't have the authority. No, there's some there's some case law out there. I think the Fourth Circuit has a case that says the magistrate and I did find some district court practice in Mississippi in the Fifth Circuit that allows the magistrate judge to accept the plea. This one he just made recommendation. Yes, ma'am. No, accepted. Yes, ma'am. One single report recommendation on all three defendants to the district court, which he accepted again during July 22nd sentencing. So any other questions? Thank you very much. Thank you, sir. Thank you. Mr. Plan. I don't have anything to add unless the court has questions. I'm happy to try to answer them. Thank you. Questions. But they're outside the records. It's good. He has another lawyer. Good. He has a new lawyer. Thank you. Thank you, sir. Case is submitted. We call the next case for the day.